UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

YANELIS SOSA,

       Plaintiff,

v.                                 Case No.  8:20-cv-1360-SPF

KILOLO KIJAKAZI,
Commissioner of the Social
Security Administration,[1]

       Defendant.

_____/

## ORDER

Plaintiff seeks judicial review of the denial of her claim for Supplemental Security Income ("SSI").  As the Administrative Law Judge's ("ALJ") decision was not based on substantial evidence, the Commissioner's decision is reversed and remanded.

### I.      Procedural Background

Plaintiff filed an application for SSI (Tr. 64).  The Commissioner denied Plaintiff's claims both initially and upon reconsideration (Tr. 54–79).  Plaintiff then requested an administrative hearing (Tr. 100).  Per Plaintiff's request, the ALJ held a hearing at which Plaintiff appeared and testified (Tr. 36–53).  Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and accordingly denied Plaintiff's claims for benefits (Tr. 22–30).  Subsequently, Plaintiff requested review from the Appeals

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021, and is substituted as Defendant in this suit pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

Council, which the Appeals Council denied (Tr. 1–15).  Plaintiff then timely filed a complaint with this Court (Doc. 1).  The case is now ripe for review under 42 U.S.C. §§ 405(g), 1383(c)(3).

## II.    Factual Background and the ALJ's Decision

Plaintiff, who was born in 1982, claimed disability beginning December 14, 2016 (Tr. 66).  Plaintiff obtained at least a high school education (Tr. 29, 39).  Plaintiff's past relevant work experience included work as home health care aid (Tr. 28).  Plaintiff alleged disability due to rheumatoid arthritis, orthopedic disease, migraines, abnormal pap smear, and congenital dyserythropetic anemia type I (Tr. 54).

In rendering the administrative decision, the ALJ concluded that Plaintiff had not engaged in substantial gainful activity since October 20, 2017, Plaintiff's application date (Tr. 24).  After conducting a hearing and reviewing the evidence of record, the ALJ determined Plaintiff had the following severe impairments: carpal tunnel syndrome, fibromyalgia, arthritis, degenerative disc disease, and hemolytic anemia (Tr. 24). Notwithstanding the noted impairments, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 26).  The ALJ then concluded that Plaintiff retained a residual functional capacity ("RFC") to perform sedentary work as defined in 20 C.F.R. § 416.97(a) (Tr. 26).[2]  In formulating Plaintiff's

---

[2] Specifically, the ALJ found that Plaintiff is able to lift and carry twenty pounds occasionally and ten pounds frequently; sit for six hours in an eight-hour workday, with a sit-stand option; stand and walk for four hours in an eight-hour workday, with a sit-stand option; and is limited to frequent handling and fingering bilaterally (Tr. 26). The ALJ further found that Plaintiff can occasionally climb ramps and stairs; never climb ladders,

RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of her symptoms were not entirely consistent with the medical evidence and other evidence (Tr. 27).

Considering Plaintiff's noted impairments and the assessment of a vocational expert ("VE"), however, the ALJ determined Plaintiff could not perform any past relevant work (Tr. 28). Given Plaintiff's background and RFC, the VE testified that Plaintiff could perform other jobs existing in significant numbers in the national economy, such as an order clerk, document preparer, and survey systems monitor (Tr. 29–30). Accordingly, based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found Plaintiff not disabled (Tr. 30).

### III.   Legal Standard

To be entitled to benefits, a claimant must be disabled, meaning he or she must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological

---

ropes, or scaffolds; frequently balance; occasionally stoop and crouch; and less than occasionally kneel and crawl (although more than never). Finally, Plaintiff can never work at unprotected heights, with/around moving mechanical parts, in extreme cold, or in vibration (Tr. 26).

abnormalities, which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.  42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations currently in effect.  These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled.  20 C.F.R. §§ 404.1520, 416.920.  If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary.  20 C.F.R. §§ 404.1520(a), 416.920(a).  Under this process, the ALJ must determine, in sequence, the following:  whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, *i.e.*, one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404 Subpart P, Appendix 1; and whether the claimant can perform his or her past relevant work.  If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of his or her age, education, and work experience.  20 C.F.R. §§ 404.1520(a), 416.920(a).  A claimant is entitled to benefits only if unable to perform other work.  *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); 20 C.F.R. §§ 404.1520(g), 416.920(g).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards.  *See* 42 U.S.C. §§ 405(g), 1383(c)(3).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

*Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938) (internal quotation marks omitted)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996).   While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citations omitted).

In reviewing the Commissioner's decision, the court may not re-weigh the evidence or substitute its own judgment for that of the ALJ even if it finds that the evidence preponderates against the ALJ's decision.   *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).   The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal.   *Keeton*, 21 F.3d at 1066. The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied.   42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).

## IV.   Analysis

Plaintiff argues here that the ALJ erred because the ALJ's reasons for finding the opinions of Amanda Lins, PA-C to be unpersuasive are not supported by substantial evidence (Doc. 18, pp. 10–15).   For the reasons that follow, the ALJ's decision is not supported by substantial evidence.

### A.   The ALJ's Consideration of Medical Opinions

Plaintiff argues that the ALJ did not properly consider the opinion of Amanda Lins, PA-C.  Before March 27, 2017, Social Security Administration ("SSA") regulations codified the treating physician rule, which required the ALJ to assign controlling weight to a treating physician's opinion if it was well supported and not inconsistent with other record evidence.  *See* 20 C.F.R. § 404.1527(c).  Under the treating physician rule, if an ALJ assigned less than controlling weight to a treating physician's opinion, he or she had to provide good cause for doing so.  *See Winschel v. Comm'r of Soc. Sec*, 631 F.3d 1176, 1178-79 (11th Cir. 2011).

In this case, however, revised SSA regulations (published on January 18, 2017, and effective on March 27, 2017) apply because Plaintiff filed her claim on October 20, 2017 (*see* Tr. 64).  As the SSA explained, "under the old rules, courts reviewing claims tended to focus more on whether the agency sufficiently articulated the weight we gave treating source opinions, rather than on whether substantial evidence supports our final decision ... these courts, in reviewing final agency decisions, are reweighing evidence instead of applying the substantial evidence standard of review, which is intended to be highly deferential to us."  Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844, 5853 (Jan. 18, 2017); *see also Schink v. Comm'r of Soc. Sec.*, 935 F.3d 1245, 1259 n.4 (11th Cir. 2019).

The new regulations require an ALJ to apply the same factors when considering the opinions from *all* medical sources. 20 C.F.R. § 404.1520c(a).  As to each medical source, the ALJ must consider: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) "other factors that tend to support or contradict a

medical opinion or prior administrative medical finding." 20 C.F.R. § 404.1520c(c).  But the first two factors are the most important:  "Under the new rule, the SSA will consider the persuasiveness of all medical opinions and evaluate them primarily on the basis of supportability and consistency." *Mackey v. Saul*, 2020 WL 376995, at *4, n. 2 (D.S.C. Jan. 6, 2020), citing 20 C.F.R. § 404.1520c(a),(c)(1)-(2) (while there are several factors ALJs must consider, "[t]he most important factors ... are supportability (paragraph (c)(1) of this section) and consistency (paragraph (c)(2) of this section).").

"Supportability" refers to the principle that "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(1).  "Consistency" refers to the principle that "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(2).  Put differently, the ALJ must analyze whether the medical source's opinion is (1) supported by the source's own records; and (2) consistent with the other evidence of record.  *See Cook v. Comm'r of Soc. Sec.*, No. 6:20-cv-1197-RBD-DCI, 2021 WL 1565832, at *3 (M.D. Fla. Apr. 6, 2021), *report and recommendation adopted*, 2021 WL 1565162 (M.D. Fla. Apr. 21, 2021).

The new regulations also change the standards the ALJ applies when articulating his or her assessment of medical source opinions.  As mentioned above, an ALJ need not

assign specific evidentiary weight to medical opinions based on their source. *See Tucker v. Saul*, No. 4:19-cv-759, 2020 WL 3489427, at *6 (N.D. Ala. June 26, 2020). While the ALJ must explain how he or she considered the supportability and consistency factors, the ALJ need not explain how he or she considered the other three factors.[3] 20 C.F.R. § 404.1520c(b)(2). And, in assessing the supportability and consistency of a medical opinion, the regulations provide that the ALJ need only explain the consideration of these factors on a source-by-source basis – the regulations do not require the ALJ to explain the consideration of each opinion from the same source. *See* 20 C.F.R. § 404.1520c(b)(1).

But whether these new regulations eliminate the judicially-created treating physician rule – a longstanding requirement in this Circuit, *see Winschel*, 631 F.3d at 1179 – is an open question. *See Beasley v. Comm'r of Soc. Sec.*, No. 2:20-cv-445-JLB-MRM, 2021 WL 4059895, at * 3-4 (M.D. Fla. Sept. 7, 2021). District courts have diverged in their approaches. *Compare Bevis v. Comm'r of Soc. Sec.*, No. 6:20-cv-579-LRH, 2021 WL 3418815, at *5 (M.D. Fla. Aug. 5, 2021) (collecting cases and applying good cause standard "in the absence of binding or persuasive authority to the contrary" but noting it was non-issue – under both standards, ALJ's opinion was substantially supported)[4], *with*

---

[3] The exception is when the record contains differing but equally persuasive medical opinions or prior administrative medical findings about the same issue. *See* 20 C.F.R. § 404.1520c(b)(3).

[4] In finding the treating physician rule still applies, the *Bevis* court cited *Simon v. Comm'r of Soc. Sec.*, 1 F.4th 908, 912 n.4 (11th Cir. 2021) ("*Simon I*"), a July 9, 2021 decision the Eleventh Circuit withdrew on rehearing on August 12, 2021, and substituted with *Simon*, 7 F.4th 1094 (11th Cir. 2021) ("*Simon II*"), seven days after *Bevis* was decided. In a *Simon I* footnote, the Eleventh Circuit stated that the length of a claimant's treating relationship with her doctor was still an important factor to consider under the new regulations. 1 F.4th at 914 n. 4; *see also Brown v. Comm'r of Soc. Sec.*, No. 6:20-cv-840-GJK, 2021 WL

*Miller v. Kijakazi*, No. 4:20-cv-656-GMB, 2021 WL 4190632 (N.D. Ala. Sept. 14, 2021) (citing *Chevron, U.S.A., Inc. v. Nat'l Res. Defense Council, Inc.*, 467 U.S. 837, 845 (1984), and finding treating physician rule inapplicable; plaintiff did not cite Eleventh Circuit case stating the Act mandates it and did not argue the new regulations are arbitrary, capricious, or otherwise invalid), *Carr v. Comm'r of Soc. Sec.*, No. 1:20-cv-217-EPG, 2021 WL 1721692 (E.D. Cal. Apr. 30, 2021) (finding new regulations entitled to *Chevron* deference; treating physician rule yields to new regulations because it conflicts with them), *Wiginton v. Comm'r of Soc. Sec.*, 3:20-cv-5387-LC/MJF, 2021 WL 3684264 (N.D. Fla. Aug. 3, 2021) (applying new regulations without discussing whether Eleventh Circuit precedent regarding the treating physician rule applies), *and Devra B.B. v. Comm'r of Soc. Sec.*, 6:20-cv-643(BKS), 2021 WL 4168529 (N.D.N.Y. Sept. 14, 2021) (rejecting Plaintiff's argument that the new regulations conflict with the treating physician rule and are therefore invalid).

The Eleventh Circuit has not spoken directly on the issue in a published opinion. *See Simon* II, 7 F.4th at 1104, n.4 ("[W]e need not and do not consider how the new regulation bears upon our precedents requiring an ALJ to give substantial or considerable weight to a treating physician's opinions absent good cause to do otherwise."). But in a recent unpublished opinion, *Marilyn Matos v. Commissioner of Social Security*, No. 21-11764, 2022 WL 97144, at * 4 (11th Cir. Jan. 10, 2022), the Eleventh Circuit found that the ALJ's assessment of a treating source's medical opinion was legally sufficient where the ALJ

_____

2917562 (M.D. Fla. July 12, 2021) (citing *Simon I* and emphasizing that under new regulations, length of treating relationship must still be considered).  That footnote was *dicta*, however, as *Simon I* and *II* were decided under the old regulations.  Interestingly, *Simon II* omits the *Simon I* footnote.

only considered the medical opinion's supportability and consistency "in accordance with the SSA's new regulatory scheme." *Id.* The *Matos* court stated that the new regulations "no longer require[ ] the ALJ to either assign more weight to medical opinions from a claimant's treating source or explain why good cause exists to disregard the treating source's opinion." *Id.* (emphasis added).

Here, Plaintiff does not address the Commissioner's argument that the new regulations invalidate the Eleventh Circuit's treating source rule (*see* Doc. 18). Considering this and *Matos*, the Court finds that the ALJ was not required to demonstrate good cause to find Plaintiff's treating source opinions unpersuasive. Instead, the ALJ, in accordance with 20 C.F.R. § 404.1520c(c), must consider the persuasiveness of Plaintiff's medical opinions and evaluate them primarily based on supportability and consistency.

Ms. Lins treated Plaintiff from July 2017 through at least April 2019, at McIlwain Medical Group, P.A.[5] (Tr. 553–601, 692–754, 761–66). Throughout her treatment with Dr. McIlwain and Ms. Lins—both of whom she saw on a regular basis—Plaintiff was diagnosed with fibromyalgia, cervicalgia, and rheumatoid arthritis, among other diagnoses (*Id.*). In April 2019, Ms. Lins completed a fibromyalgia impairment questionnaire, opining that Plaintiff's impairments cause various functional limitations, including the ability to sit no more than four hours and stand no more than one hour in an eight-hour workday; the ability to lift 10 pounds occasionally but never lift 20 pounds or more; and that Plaintiff would be absent from the workplace for more than three days

---

[5] Plaintiff sought treatment from McIlwain Medical Group, P.A. from July 2017 through at least April 2019. It appears that Plaintiff was treated by Dr. McIlwain at times and by Ms. Lins at times.

per month (Tr. 761–66).  According to Ms. Lins, Plaintiff was unable to complete a normal workday without frequent unscheduled breaks (Tr. 765).

The ALJ said the following regarding Ms. Lins's treatment of Plaintiff:

> Similarly, Amanda Lins, PA-C, a treating source who works in Dr. McIlwain's office, has drafted multiple letters as well as completed treating source statements, which reflect disabling limitation . . . . However, these conclusions appear largely based on a diagnosis of fibromyalgia, which, as noted above, is not supported by laboratory findings or a referral to rheumatology. Moreover, the objective findings noted on examination generally are reflective of non-debilitating impairment. As such, the undersigned finds Ms. Lins' conclusions not to be persuasive.

(Tr. 28).  Here, the ALJ's consideration of Ms. Lins's opinions appears to track the new regulations' requirements in that the ALJ discusses both supportability and consistency. The ALJ's stated reasons for finding a lack of supportability and consistency, however, are not supported by substantial evidence.

Fibromyalgia "is 'characterized primarily by widespread pain in the joints, muscles, tendons, or nearby soft tissues that has persisted for at least 3 months.'"  *Laurey v. Comm'r of Soc. Sec.*, 632 F. App'x 978, 987-88 (11th Cir. 2015) (quoting SSR 12-2).  The Social Security Administration ("SSA") promulgated SSR 12-2p to provide guidance on how the SSA develops evidence to establish that a person has a medically determinable impairment of fibromyalgia and how it will evaluate this impairment in a disability claim. SSR 12-2p, 2012 WL 3104869, at *1.  The ruling directs ALJs to consider fibromyalgia in the five-step sequential evaluation process and instructs them on how to develop evidence and assess the impairment in determining if it is disabling. When making an RFC determination, SSR 12-2p states, an ALJ should "consider a longitudinal record whenever possible because the symptoms of [fibromyalgia] can wax and wane so that a person may

have 'bad days and good days.'" SSR 12-2p, 2012 WL 3104869, at *6. When determining whether a claimant can do any past relevant work or other work that exists in significant numbers in the national economy, SSR 12-2p instructs an ALJ to consider widespread pain or other symptoms associated with fibromyalgia (such as fatigue) and to be alert to the possibility that there may be exertion or nonexertional limitations, such as postural or environmental limitations, that may impact the analysis. *Id.* The ruling advises that "[i]f objective medical evidence does not substantiate the person's statements about the intensity, persistence, and functionally limiting effects of symptoms," the SSA will consider all of the record evidence, including the claimant's daily activities, medications or other treatments the person uses, or has used, to alleviate symptoms, the nature and frequency of the person's attempts to obtain medical treatment for symptoms, and statements by third parties about the claimant's symptoms. SSR 12-2p, 2012 WL 3104869, at *5.

The ALJ did not dispute Plaintiff's fibromyalgia diagnosis and concluded it was a severe impairment (Tr. 24). However, the ALJ found that, while the Plaintiff's medically determinable impairments, including fibromyalgia, could reasonably be expected to produce the alleged symptoms, her statements regarding the intensity, persistence, and limiting effects of these symptoms were not entirely consistent with the medical evidence and other evidence in the record (Tr. 27). Instead of then, as set forth in SSR 12-2p, sufficiently considering or discussing Plaintiff's symptoms in the context of her daily activities, medications or other treatments, the nature and frequency of medical treatment,

12

and statements by third parties, the ALJ focused on Plaintiff's symptoms not being substantiated by the objective evidence.[6]

With respect to the supportability factor, the evidence upon which the ALJ apparently relied in discounting Ms. Lins's opinions regarding Plaintiff's fibromyalgia-related symptoms was the lack of laboratory findings or a referral to rheumatology (Tr. 28). The stated lack of a rheumatology referral cannot qualify as substantial evidence because Ms. Lins herself is a PA in a rheumatologist's office and Plaintiff was treated by that office for nearly two years.[7] The ALJ's consideration of the laboratory findings also does not comport with the fact that physical examinations for persons with fibromyalgia will usually yield normal results, *e.g.*, a full range of motion, no joint swelling, as well as normal muscle strength and neurological reactions. *See Johnson v. Colvin*, No. 1:14cv149-WS, 2015 WL 1931218, at *9 (N.D. Fla. Apr. 27, 2015) (citations omitted); *Sarchet v. Chater*, 78 F.3d 305, 307 (7th Cir. 1996) ("Since swelling of the joints is not a symptom of fibromyalgia, its absence is no more indicative that the patient's fibromyalgia is not disabling than the absence of headache is an indication that a patient's prostate cancer is not advanced."). In fact, as Plaintiff acknowledges, it is common in cases involving

---

[6] The ALJ does briefly reference Plaintiff's daily activities earlier in her analysis (Tr. 27) as well as the "conservative nature of recent treatment" (Tr. 28), though the ALJ does not clarify whether this discussion relates to Plaintiff's fibromyalgia. Further, the ALJ fails to articulate how Plaintiff's treatment was conservative, and the record does not appear to support such a conclusion, considering she was being treated by Ms. Lins on a monthly basis, taking daily medications, and receiving monthly infusions (Tr. 692).

[7] Perhaps the ALJ intended to state that laboratory findings from Plaintiff's referral to rheumatology did not show significant results. For the reasons explained in this section, however, this does not alter the analysis.

fibromyalgia to find evidence of such examinations and testing in order to rule out other disorders that could account for the person's symptoms and signs.  SSR 12-2p, 2012 WL 3104869, at *3; *see also Somogy v. Comm'r of Soc. Sec.*, 366 F. App'x 56, 63 (11th Cir. 2010) (the hallmark of fibromyalgia is "a lack of objective evidence" because it "often lacks medical or laboratory signs, and is generally diagnosed mostly on an individual's described symptoms").

Undue emphasis on the lack of objective findings to substantiate a claimant's fibromyalgia-related reports constitutes error under well-established case law of this Circuit.  *Witherell v. Berryhill*, No. 8:17-cv-2806-T-CPT, 2019 WL 1397927, at *4 (M.D. Fla. Mar. 28, 2019).  Here, the ALJ's conclusory reasoning and repeated reference to objective medical evidence demonstrates that she relied primarily—if not exclusively—on the objective medical evidence.  Moreover, the ALJ did not adequately consider (or even refer to) SSR 12-2p's framework for evaluating fibromyalgia when discounting Plaintiff's statements regarding intensity, persistence, and limiting effects of her symptoms.  *See, e.g., Catalan v. Berryhill*, No. 8:17-cv-1425-T-30MAP, 2018 WL 4055340 (M.D. Fla. Aug. 9, 2018) (remanding where ALJ failed to mention or follow SSR 12-2p's criteria concerning fibromyalgia); *Janeda v. Comm'r of Soc. Sec.*, No. 2:16-cv-803-FtM-MRM, 2018 WL 1282313 (M.D. Fla. Mar. 13, 2018) (remanding where ALJ failed to consider claimant's fibromyalgia pursuant to SSR 12-2p and may have erred in evaluating her fibromyalgia); *Morgan v. Comm'r of Soc. Sec.*, No. 8:14-cv-305-T-DNF, 2015 WL 1311062 (M.D. Fla. Mar. 24, 2015) (remanding where ALJ failed to mention or follow SSR 12-2p's criteria concerning fibromyalgia).  As such, the ALJ's analysis regarding Ms. Lins's opinion of

14

Plaintiff's fibromyalgia-related symptoms is inadequate, and the Court is unable to determine whether the ALJ's ultimate disability determination is supported by substantial evidence. *See Atkins v. Comm'r of Soc. Sec.*, No. 3:19-CV-142-J-MAP, 2019 WL 6838512, at *3-5 (M.D. Fla. Dec. 16, 2019) (finding that, because the ALJ failed to consider claimant's fibromyalgia according to the criterion set forth in SSR 12-2p, the Court was unable to determine whether the ALJ's ultimate disability determination was supported by substantial evidence); *Cline v. Comm'r of Soc. Sec.*, No. 6:17-cv-1373-Orl-22-DCI, 2018 WL 1800861, at *4 (M.D. Fla. Mar. 29, 2018) (finding the ALJ's conclusory reasoning demonstrated that he relied primarily on the objective medical evidence, instead of the record as a whole, in evaluating the testimony of the claimant and, as such, the ALJ's credibility determination did not comport with the requirements of SSR 12-2p).

With respect to consistency, the ALJ states in a conclusory fashion that "objective findings noted on examination generally are reflective of non-debilitating impairment" (Tr. 28). This general statement does not sufficiently address the consistency of Ms. Lins's opinions with other evidence, and appears to again place undue emphasis on objective medical evidence. *See Mayfield v. Comm'r of Soc. Sec.*, No. 7:20-cv-1040-ACA, 2021 WL 5300295, at * 5 (N.D. Ala. Nov. 15, 2021) (reversing Commissioner's decision for failing to identify a "real inconsistency" or explain supportability analysis); *cf. Simon II*, 7 F.4th at 1094 (remanding under treating physician rule because "highly generalized statements . . . ordinarily will not be an adequate basis to reject a treating physician's opinion"). Accordingly, reversal and remand are warranted. On remand, the ALJ should explain her consideration of the persuasiveness of Ms. Lins's opinions, focusing on the factors of

supportability and consistency.  In conducting this analysis, the ALJ should consider the factors outlined in SSR 12-2p.

**V.      Conclusion**

Accordingly, after consideration, it is hereby

ORDERED:

    1.  The decision of the Commissioner is reversed and remanded.

    2.  The Clerk is directed to enter final judgment in favor of the Plaintiff and close the case.

**ORDERED** in Tampa, Florida, on this 11th day of February 2022.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE

16